GIACOMO INTISO, DEFENDANT IN CERTIORARI, v. METRO-
POLITAN SAVINGS AND LOAN ASSOCIATION, PLAINT-
IFF IN CERTIORARI.

Submitted July 3, 1902—Decided November 10, 1902.

1. The contract relations arising from membership in a building and
   loan association, organized under *Gen. Stat.*, *p.* 331, cannot con-
   stitutionally be altered by legislation in such way as to impair
   any obligation arising therefrom.
2. Provisions in the constitution of such an association limiting pay-
   ment of the withdrawal value of shares to a fund arising from a
   percentage of dues collected, and exacting a withdrawal fee of $1
   per share are not inconsistent with its organic law.
3. In such a case the limitation of payment to the fund will be
   secured, not by denying judgment but by controlling execution.

On *certiorari* to the Orange District Court.

Before Justices GARRISON and COLLINS.

For the plaintiff in *certiorari, Samuel F. Leber.*

For the defendant in *certiorari, William A. Lord.*

The opinion of the court was delivered by

COLLINS, J.   In a suit in the District Court of the city of
Orange brought to recover the withdrawal value of twenty-five
shares in an association organized under "An act to encourage
the establishment of mutual loan, homestead and building as-
sociations" [Revision], approved April 9th, 1875 (*Gen. Stat.,*
*p.* 331), the plaintiff recovered the judgment now under re-
view.   The case as first presented to this court was defective,
and thirty days' time was given the plaintiff in *certiorari* to
perfect the return, in default whereof the judgment was to be
affirmed.  37 *Vroom* 157.   After affirmance because of such
default, the return was perfected, but this court refused to
consider the case.   Afterward, on due procedure, the judgment

of affirmance was, at the February Term, 1902, set aside, and it was ordered that the argument of the writ should be brought on at the present term. The cause being moved, the point is made, *in limine,* by the defendant in *certiorari,* that the default had not been removed. We think that the effect of the latest order of the court was to remove it, and that the case must now be considered on its merits.

The membership forming the foundation of the suit dates from June 1st, 1898, at which time the constitution of the association provided that any member having made twelve monthly payments on shares not pledged for loan, and not liable for fees, dues or other charges, might apply to withdraw such shares, and sixty days thereafter should be entitled to receive the amount paid thereon, with interest at four per cent., averaged, less a withdrawal fee of $1 per share. The constitution further provided that no more than fifty per cent. of the dues received in any month should be applicable to the payment of withdrawals, without the consent of the board of directors of the association, and that withdrawals should be payable in the order of application.

It was proved in the case in hand that up to the time of the trial the directors of the association had paid out on precedent withdrawals more than the required percentage of dues. Nevertheless the court gave judgment in favor of the withdrawing member for the full withdrawal value of his shares, without any deduction. The ground of decision was the provision of the organic law of the association that its charter should be subject to alteration, amendment or repeal, as applied to a supplement approved March 24th, 1899 (*Pamph. L., p.* 357), which provides that a withdrawing shareholder shall be paid "not less than the sum of his installment paid in, less all unpaid fines and his proportionate share of any loss sustained by the association; * * * provided, that at no time shall more than one-half of the funds in the treasury be applicable to the demands of withdrawing shareholders without the consent of the board of directors."

This statute, if retroactive, is, to the extent that it impairs the obligation of the contract implied in pre-existing member-

ship in any association affected, plainly unconstitutional. The power of alteration, amendment or repeal, which the state reserved in its grant of permissive incorporation, has no effect upon contract relations arising from membership. *Rahway v. Munday,* 15 *Vroom* 395; *In re Newark Library Association,* 35 *Id.* 217, 265; *Johnson* v. *Mutual Guarantee Building and Loan Association,* 37 *Id.* 683; *Schwarzwaelder* v. *German Mutual Fire Insurance Co.,* 14 *Dick. Ch. Rep.* 589.

In becoming a member of the Metropolitan Savings and Loan Association Intiso agreed to the condition imposed on withdrawal of shares. It was not competent for the legislature to impair the obligation of that contract. It is argued that the condition is unreasonable, but that argument has no bearing on a contract embracing it. It is urged that it is inconsistent with the statute, and therefore void by the terms of that enactment. We see no inconsistency. The provision for payment is protective, and that for a withdrawal fee may be justified as intended to cover clerical expense.

It results, therefore, that the amount of withdrawal fees must be deducted from the recovery in this case. It is contended that there must be a nonsuit, but we think the true practice in a case like this, where a judgment is collectible only from a particular fund, is to control the execution. Such was the decision of the Supreme Court of Pennsylvania in a case where payment to withdrawing members was compellable only when limited to half the funds in the treasury. *United States Building and Loan Association* v. *Silverman,* 85 *Pa. St.* 394.

The rule adopted was a sensible one, and we will follow it. The case is analogous to a judgment of assets *quando acciderint* against an executor or administrator pleading *plene administravit,* and to a judgment against a public corporation, which can only be executed on property not devoted to public use.

Let the judgment be reversed, and judgment be entered in this court in accordance with this opinion.

The plaintiff in *certiorari* is entitled to costs in this court.